**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3193
_____

ISSAC MORALES,
                    Appellant

v.

PREMIER FLEET SERVICES


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:20-cv-6485)
District Judge: Honorable John M. Gallagher
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 6, 2023

Before: HARDIMAN, AMBRO, and FUENTES, *Circuit Judges*.

(Filed: June 13, 2023)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge.*

Issac Morales appeals the District Court's summary judgment for his former employer Premier Fleet Services. We will affirm for the same reason given by the District Court.

I

Premier hired Morales, who walks with a limp, to work as a welder. During the interview, Premier told Morales he would need to supply his own tools for the job. But Morales came to work without the required tools and began borrowing other welder's tools. When he couldn't borrow another welder's rolling chair, he would lean on the welding table and sometimes worked under trailers by bending on his knees. According to Morales, when his supervisor reminded him of the requirement that he supply his own tools, Morales replied "[w]ell, I'll start buying my own stuff when you pay me more." App. 137. Less than three months into the job, Premier terminated his employment.

Morales sued, alleging he was wrongfully terminated in violation of the Americans with Disabilities Act. After discovery, the District Court granted Premier's motion for summary judgment. Morales timely appealed.[1]

II

To establish a prima facie case of disparate treatment under the ADA, a plaintiff must show "(1) he is a disabled person within the meaning of the ADA; (2) he is

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). We apply the same standard as the District Court, construing the evidence and all reasonable inferences in the non-movant's favor. *See* Fed. R. Civ. P. 56(a).

otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998).

The District Court granted Premier summary judgment because Morales could not satisfy the second prong of his prima facie case—that he was qualified to perform the essential functions of his job at Premier. We agree.

We apply a two-part test to determine whether a plaintiff is a qualified individual under the ADA. *McNelis v. Pa. Power & Light Co.*, 867 F.3d 411, 415 (3d Cir. 2017). First, the individual must satisfy "the requisite skill, experience, education and *other job-related requirements* of the employment position such individual holds or desires." 29 C.F.R. § 1630.2(m) (emphasis added). Second, the individual, "with or without reasonable accommodation, [must be able to] perform the essential functions of such position." *Id*.

Morales argues that lacking tools cannot render him unqualified. But it can. Premier required welders to supply their own tools, making it a "job-related requirement." *See* 29 C.F.R. § 1630.2(m). Morales concedes he was aware of the requirement and did not satisfy it. He also concedes that Premier enforced the requirement uniformly. And he makes no other argument that the requirement was discriminatory or unrelated to the job's essential functions. As the District Court rightly held, Morales could not show he was "qualified" for the job on these facts. So his ADA

claim failed the second element of his prima facie case and Premier was entitled to summary judgment. *See* Fed. R. Civ. P. 56(a). We will affirm.